2026 IL App (1st) 251947-U

No. 1-25-1947

Order filed July 8, 2026

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| OLIVIA AGUILAR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 25 L 3317 |
| | ) | |
| JOHN DOE, Individually and SCHINDLER | ) | |
| ELEVATOR CORPORATION, | ) | Honorable |
| | ) | Maire Dempsey, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court properly dismissed this action as time-barred under the applicable statute of limitations.

¶ 2    Plaintiff, Olivia Aguilar, appeals the trial court's order dismissing her first amended complaint alleging negligence, with prejudice pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2024)). The trial court determined that the complaint was time-barred, as it was not filed within the two-year statute of limitations applicable

to personal injury actions (735 ILCS 5/13-202 (West 2024)). For the reasons that follow, we affirm.[1]

¶ 3                                    I. BACKGROUND

¶ 4     On March 10, 2025, plaintiff filed a negligence action in the circuit court against Schindler Elevator Corporation (Schindler) and its alleged agent or employee, John Doe. Plaintiff alleged that on January 22, 2023, her left shoulder was injured when it was struck by a closing elevator door as she was entering the elevator inside a condominium complex located at 4424 Saratoga Avenue in Downers Grove. According to plaintiff, the elevator had undergone repairs earlier that day and those repairs were performed by Schindler, through John Doe.

¶ 5     Defendants subsequently filed a motion to dismiss the action pursuant to section 2-619(a)(5) of the Code, arguing that the action was time-barred because it was not filed within the two-year statute of limitations for personal injury actions as set forth in section 13-202 of the Code.

¶ 6     Plaintiff countered that the trial court should apply the discovery rule to determine when the statute of limitations began to run. "Under the discovery rule, the limitations period does not begin to run until the plaintiff knows or reasonably should have known of its injury and that it was wrongly caused." *RVP, LLC v. Advantage Insurance Services, Inc.*, 2017 IL App (3d) 160276, ¶ 30.

¶ 7     Plaintiff maintained that prior to the elevator incident, she "had suffered for years from chronic cervical spine issues with radiculopathy down the left shoulder." She contended that the "longstanding cervical pain masked the new shoulder injury" and that she did not discover that she sustained an actionable injury until March 10, 2023, when she visited her doctor and "reported a

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

new episode of acute shoulder pain." Plaintiff claimed that "[r]adiological imaging performed on March 14, 2023 confirmed that [she] had suffered a left shoulder injury consistent with trauma." Plaintiff argued that her negligence action, which was filed on March 10, 2025, was therefore filed within the two-year limitations period specified in section 13-202.

¶ 8    Defendants responded that the discovery rule did not apply because plaintiff's shoulder injury was caused by a sudden, traumatic event—the elevator door closing on her shoulder—which put plaintiff on notice that the injury may have been wrongfully caused on the date of the incident, January 22, 2023. "When a personal injury results from a sudden, traumatic event, the injured person is deemed to have known immediately of the right to sue, the limitations period begins to run at the time of the injury, and the discovery rule does not apply." *Golla v. General Motors Corp.*, 261 Ill. App. 3d 143, 149 (1994).

¶ 9    The trial court granted plaintiff leave to amend her complaint to include certain medical records. Plaintiff submitted an affidavit in support of her arguments, averring in part that "[u]ntil March 10, 2023, [she] did not know, and had no reason to know, that [she] had suffered a distinct shoulder injury or that such injury was caused by the elevator door incident."

¶ 10    On September 9, 2025, the trial court granted defendants' section 2-619 motion to dismiss plaintiff's amended complaint with prejudice. This timely appeal followed.

¶ 11                                II. ANALYSIS

¶ 12    On appeal, plaintiff challenges the dismissal of her first amended complaint.

¶ 13    "The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation." *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). When ruling on a section 2-619 motion to dismiss, "we accept as true all well-pleaded facts in the plaintiff's complaint and draw from those facts all reasonable inferences which are

favorable to the plaintiff." *Merritt v. Randall Painting Co.*, 314 Ill. App. 3d 556, 560 (2000). A section 2-619 motion to dismiss admits the legal sufficiency of the complaint "but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim." *Busch v. Bates*, 323 Ill. App. 3d 823, 831-32 (2001).

¶ 14    The running of a statute of limitations is an affirmative matter permitting involuntary dismissal under section 2-619(a)(5) of the Code. 735 ILCS 5/2-619(a)(5) (West 2022). This section provides for the involuntary dismissal of a complaint when "the action was not commenced within the time limited by law." *Id*. An order granting such a motion is subject to *de novo* review. *Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 11. Similarly, "[t]he applicability of a statute of limitations to a cause of action presents a legal question we review *de novo*." *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008).

¶ 15    Plaintiff contends that her first amended complaint was timely filed by applying the discovery rule and that the trial court misapplied the "sudden, traumatic event" rule in finding that the complaint was not filed within the two-year statute of limitations applicable to personal injury actions.

¶ 16    "As a general rule, a cause of action for personal injuries accrues when the plaintiff suffers injury." *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 360 (1995). "Traditionally, the limitations period was not tolled simply because the plaintiff was unaware of the existence of an injury." *Id*. "Thus, mechanical application of the statute of limitations could, in some situations, bar plaintiffs from bringing suit before the plaintiff was even aware that he was injured." *Id*.

¶ 17    In an effort to ameliorate the potentially harsh effects of a mechanical application of the statute, our courts adopted the discovery rule. *Henderson Square Condominium Association v. Lab Townhomes, LLC*, 2015 IL 118139, ¶ 52; *Morietta v. Reese Construction Co.*, 347 Ill. App. 3d

1077, 1082 (2004); *Lowe v. Ford Motor Co.*, 313 Ill. App. 3d 418, 420 (2000). "The discovery rule postpones the start of the limitations period until a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused." *Henderson Square*, 2015 IL 118139, ¶ 52. "[W]hen a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused, the statute begins to run and the party is under an obligation to inquire further to determine whether an actionable wrong was committed." *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161, 171 (1981).

¶ 18    "Generally, whether plaintiff knew or reasonably should have known of her injury and that it was wrongfully caused are issues of fact to be decided by the fact finder." *Hutson v. Hartke*, 292 Ill. App. 3d 411, 414 (1997). "However, where it is apparent from the undisputed facts that only one conclusion can be drawn, the question becomes one of law for the court, and the complaint may be properly dismissed under section 2-619." *Davie & Associates Dermatopathology v. Reditus Healthcare, LLC*, 2026 IL App (4th) 4241374, ¶ 32.

¶ 19    In determining when a plaintiff should reasonably have discovered the possibly wrongful causation of an injury, courts have distinguished between injuries caused by sudden, traumatic events, and those that have a latent or insidious onset. *Hauk v. Reyes*, 246 Ill. App. 3d 187, 192 (1993). "An injury is traumatic in nature if it is immediate and caused by an external force or violence." *Sharpenter v. Lynch*, 233 Ill. App. 3d 319, 324 (1992). "For limitations purposes, a 'sudden traumatic event' is one that, because of its force or violence, permits the law to presume that the event immediately placed the plaintiff on notice of her injury and a right of action." *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006) (quoting *Golla*, 167 Ill. 2d at 362). When the plaintiff's injuries are caused by a sudden traumatic event, the plaintiff's cause of action accrues, and the statute of limitations begins to run on the date the injury occurred. *Golla*, 167 Ill.

2d at 361-62. "The rationale supporting this rule is that the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved." *Id*. at 363.

¶ 20    Invoking the discovery rule, plaintiff argues that although the elevator door struck her shoulder on January 22, 2023, her cause of action did not accrue and the statute of limitations did not begin until March 10, 2023, when she visited her doctor and complained "of acute shoulder pain." Plaintiff claims that the symptoms she experienced to her shoulder following the elevator incident were indistinguishable from her preexisting medical conditions affecting the shoulder. As a result, "she did not recognize or suspect that she had suffered a discrete shoulder injury at the time of the elevator incident."

¶ 21    The essence of plaintiff's arguments is that she did not have reasonable grounds to believe she had suffered an actionable injury until she visited her doctor. We disagree.

¶ 22    Plaintiff claimed that she experienced "pain symptoms" when the elevator door closed on her shoulder. Thus, at that point, regardless of any preexisting medical conditions affecting the shoulder, plaintiff knew or reasonably should have known that she sustained further injury to her shoulder. The injury was caused by a violent external force—the elevator door suddenly and unexpectedly striking plaintiff's shoulder, causing her pain. This impact constituted a sudden, traumatic event which put plaintiff "on notice of a reasonable possibility that her injury was wrongfully caused." *Hutson*, 292 Ill. App. 3d at 414. See, *e.g.*, *Milner v. Garcia*, 2017 WL 11884286 at *4 (N.D. Illinois Aug. 9, 2017) ("[t]he breaking of a tooth by a spontaneously unhinged door lock unquestionably constitutes a 'sudden traumatic injury' ").

¶ 23    Put differently, the elevator door closing on plaintiff's shoulder caused her immediate pain and put her on notice that an injury occurred, triggering her obligation to inquire further as to

whether an actionable wrong was committed. Plaintiff's subjective belief that her shoulder pain was attributable to an ongoing condition did not negate her knowledge that the closing elevator door caused her to feel immediate pain.

¶ 24    Plaintiff's cause of action accrued, and the two-year statute of limitations began to run on January 22, 2023, when plaintiff was injured by the elevator door, not when she visited her doctor on March 10, 2023. In order to avoid the bar of the limitations period, plaintiff was required to file her lawsuit no later than January 22, 2025. Therefore, plaintiff's action was time-barred and the trial court did not err in dismissing it.

¶ 25                                III. CONCLUSION

¶ 26    For the foregoing reasons, we affirm the judgment of the trial court.

¶ 27    Affirmed.